IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES TIMOTHY COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:22-cv-00040 |
| ) | |
| ROANOKE ELECTRIC STEEL ) | By: Elizabeth K. Dillon |
| CORPORATION, d/b/a/ STEEL ) | United States District Judge |
| DYNAMICS ROANOKE BAR DIVISION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Having succeeded on its motion for summary judgment, defendant Roanoke Electric Steel Corporation ("RESCO") requests taxing of costs in the amount of $1,226.65 under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1).  (Dkt. No. 39.)  Plaintiff James Timothy Cook objects to RESCO's bill of costs.  (Dkt. No. 42.)  Cook also asks the court for a stay on assessing any costs until his appeal to the Fourth Circuit is resolved.

For the following reasons, the court will grant RESCO's bill of costs, overrule Cook's objections, and award costs to RESCO in the amount of $1,226.65; the award will not be stayed pending appeal.

I.  BACKGROUND

On January 26, 2022, plaintiff James Timothy Cook filed this action against RESCO (his former employer) claiming that when it terminated him, it retaliated against him in violation of Virginia Code §§ 40.1-27.3(A)(1) and 40.1-51.2:1.  (Dkt. No. 1.)  The court granted summary judgment to RESCO on all claims.  (Dkt. Nos. 35–36.)  Cook has appealed this ruling to the Fourth Circuit.  (Dkt. Nos. 38, 40–41.)  As the prevailing party, RESCO submitted a bill of costs

to be paid by Cook. (Dkt. No. 39.) In its bill of costs, RESCO requests $1,226.65 under only one category of costs: fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Cook filed objections to the bill of costs, arguing that RESCO did not properly itemize its costs and that the summary judgment decision was too close to warrant costs. (Dkt. No. 42.)

## II.  LEGAL STANDARDS

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs should be allowed to the prevailing party unless a federal statute provides otherwise." *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 636 (4th Cir. 2010) (internal quotations omitted). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so" to overcome the presumption. *Id.* (internal citation and quotations omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Cherry*, 186 F.3d at 446). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.* (internal citation and quotation marks omitted).

Costs for deposition transcripts "necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). In cases that never make it to trial, costs for obtaining deposition

2

transcripts are taxable when "reasonably necessary for preparation for trial." *LaVay Corp v. Dominion Fed. Sav. & Loan Ass'n.*, 830 F.2d 522, 528 (4th Cir. 1987). In such cases, the Fourth Circuit has held that each deposition's necessity is determined at the time it was taken. *See id*.

Lastly, "[a] district court has jurisdiction to review the clerk's taxation of costs even while an appeal on the merits is pending," and while "[t]he decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court," the "presumption in favor of the taxation of costs" means that "a district court deciding not to award costs at the customary stage must provide a valid reason." *See Singleton v. Dep't of Corr. Educ.*, No. 1:03–cv–00004, 2003 WL 22299039, at *1 (W.D. Va. Oct. 3, 2003) (citations omitted).

## III.  DISCUSSION

Upon review of the record, the court finds that Cook has not identified any circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party.[1] In his objections, Cook first insists that RESCO did not delineate or itemize the costs themselves, such that Cook could not ascertain the actual costs being claimed. But that representation is not accurate. It is evident from RESCO's filing that the reason its claimed costs ($1,226.65) are not itemized by category is because they all fall under only one statutory category: fees for printed or electronically recorded transcripts necessarily obtained for use in the case. (*See* Dkt. No. 39 at 1.) Even still, RESCO provided invoices itemizing the costs associated with procuring transcripts for several depositions in the case. (Dkt. No. 39-2.) Accordingly, the court will overrule RESCO's objection in that regard.

---

[1] Cook does not object to the necessity of the deposition transcripts for which RESCO claims costs. However, even if he had raised that objection, given the briefing, argument, and disposition of the motion for summary judgment, the court would nevertheless conclude that those deposition transcripts—several of which were cited in the summary judgment opinion—were necessarily obtained. *See Jop v. City of Hampton, Va.*, 163 F.R.D. 486, 488 (E.D. Va. 1995) (noting that, while "[l]awyers will often disagree about what is 'reasonably necessary' to prepare for a trial," in making this assessment the court "must be guided by its own understanding of the necessities of legal practice, applied to the facts and circumstances of the individual case").

Cook has not contested that RESCO was the prevailing party, argued that any part of the $1,226.65 sought for transcript fees are not properly considered as taxable costs, or argued that the amount requested is excessive. He cites only one of the discretionary factors—"the closeness and difficulty of the issues decided," *Cherry*, 186 F.3d at 446—and claims that it "weighs heavily toward the denial of [the] bill of costs under the circumstances of this case." (*See* Dkt. No. 42 at 1 (citing *Levy v. Lexington Cnty., S.C.*, No. 3:03-3093-MBS, 2012 WL 6675051 (D.S.C. Dec. 20, 2012)).) While the court acknowledges that "closeness and difficulty of the issues" is one of the established reasons to deny costs, the employment dispute in this case was not a unique or complex legal situation, but rather was a standard dispute that was resolved on a summary judgment motion, "indicating that the decision was not close or difficult" as would weigh against imposition of costs.[2] *See Spivey v. Mohawk ESV, Inc.*, No. 7:19-cv-670, 2022 WL 3643749, at *2 (W.D. Va. Aug. 24, 2022). Although Cook is correct that the case involved some granular factual analysis, the court found little difficulty presented in "sift[ing] through and organiz[ing] relevant evidence" and "discerning the law of the case." *Id.* (citation omitted). Therefore, this situation does not meet the criteria for what courts generally recognize as "close" for purposes of Rule 54(d)(1). Regardless, the court notes that even if the case was close and difficult, that factor alone is not sufficient to deny costs. *See, e.g.*, *Clehm v. BAE Sys. Ordnance Sys., Inc.*, No. 7:16-cv-00012, 2018 WL 3978995, at *2 (W.D. Va. Aug. 20, 2018).

Cook also asserts that he brought his claims in good faith. Nevertheless, good faith alone is not justification for denying an award of costs. *See, e.g.*, *Ellis*, 434 F. App'x at 235.

---

[2] Indeed, in another case in this district involving claims brought under the same Virginia statutes Cook invoked here and raising similar issues (also decided on summary judgment), the court likewise concluded that the "closeness and difficulty" factor did not weigh in favor of denying costs. *See Crews-Sanchez v. Frito-Lay, Inc.*, No. 6:21-cv-00030, 2022 WL 3969947, at *2 (W.D. Va. Aug. 30, 2022).

4

Moreover, the court notes that RESCO's requested costs were "not at all excessive given the discovery in the case," that RESCO "was conservative in its request that only sought one clearly covered category of costs (fees for transcripts necessarily obtained for use in the case)," and that RESCO "supported its bill of costs with proper documentation" that Cook has not validly contested. *See Crews-Sanchez v. Frito-Lay, Inc.*, No. 6:21-cv-00030, 2022 WL 3969947, at *2 (W.D. Va. Aug. 30, 2022).

Lastly, Cook argues that "[RESCO's] bill of costs should be stayed pending appeal." (Dkt. No. 42 at 2.) As noted earlier, requests for a stay may be granted at the court's discretion, though the court must provide a valid reason. *Singleton*, 2003 WL 22299039, at *1. The requested stay could be an unnecessary drain on judicial economy. *See Corepex Techs., Inc. v. WH Administrators, Inc.*, No. 1:17-CV-26 (LMB/MSN), 2017 WL 11501504, at *2 (E.D. Va. Oct. 2, 2017). If the court were to wait for the Fourth Circuit to resolve Cook's appeal, then Cook could make a separate appeal of the award, requiring additional time and resources. A pending appeal is not a satisfactory reason to defer the assessment of costs; in fact, a pending appeal encourages a ruling. *Clehm*, 2018 WL 3978995, at *2. Cook does not give any other reasons to justify a stay. As such, he has failed to raise to the court a suitable justification to stay the costs, and the court cannot stay the taxing of costs without a justification. *Singleton*, 2003 WL 22299039, at *1. For these reasons, the court will not grant a stay of costs.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDER as follows:

1. RESCO's bill of costs (Dkt. No. 39) is GRANTED;

2. Cook's objections to the bill of costs (Dkt. No. 42) are OVERRULED; and

3. Costs are awarded to RESCO in the amount of $1,226.65.

Entered: June 8, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge